United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sasha McNeal, Plaintiff <br><br> v. <br><br> Nightlife Solutions, Inc., and <br> Benjamin Fox, an Individual | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 18-25376-Civ-Scola <br> ) <br> ) <br> ) |

**Order on Plaintiff's Motion for Entry of Default Judgment**

Plaintiff Sasha McNeal ("McNeal") brings this suit for retaliatory discharge in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3). Now before the Court is a Motion for Default Judgment (the "Motion," ECF No. 40) filed by McNeal against Defendants Nightlife Solutions, Inc. ("NSI") and Benjamin Fox ("Fox"). Having considered the Motion, the record in this case, and the applicable law, the Court **denies** the Motion (**ECF No. 40**).

1. **Background**

The following factual background is adduced from the Complaint's allegations and the declaration of McNeal (the "Declaration," ECF No. 40), submitted as an attachment to the Motion.

McNeal sues four defendants (the "Defendants"), including NSI and Fox. "Defendants operated a night club under the name Club Climaxxx." (ECF No. 1 at ¶ 3.) For his part, Fox "was involved in the day-to-day operations of Club Climaxxx and/or supervised employees." (*Id.* at ¶ 15.) He was "responsible for determining the amount paid to" McNeal, "determining the hours worked by" McNeal and "specifying the job duties to be performed by" McNeal. (*Id.*) There are no allegations in the Complaint or Declaration explaining the relevance of NSI to this proceeding.

McNeal worked for the "Defendants" at Club Climaxxx as a "bartender/server." (*Id.* at ¶ 4.) Prior to that position, McNeal worked for a different company by the name of "the Office," which she sued for FLSA violations. (*Id.* at ¶ 19.) The Defendants learned of this lawsuit and McNeal was terminated shortly thereafter. (*Id.* at ¶ 24.) "Plaintiff's employment was terminated by Defendants in retaliation for that previous lawsuit." (*Id.*)

## 2. **Default Judgment Standard**

Under the Federal Rules of Civil Procedure Rule 55, a default judgement must be entered "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55. A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

Courts only credit "well-pleaded" allegations in determining entitlement to default judgment. *Id.* (quoting *Mishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1]). Indeed, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206 ("In short," a "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). And in evaluating whether a "sufficient basis" exists, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*; *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

Put differently, pleadings at the default judgment stage are assessed through a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) ("Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim."). Default judgment, thus, is only available where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)).

## 3. **The Motion is Denied**

The well-pled allegations do not support default judgment against NSI or Fox. McNeal asserts one claim for retaliation under 29 U.S.C. § 215(a)(3). "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: '(1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola*, 200 F.3d 1337, 1342-43 (11th Cir. 2000); *Freeman v. Key Largo Vol. Fire and Rescue Dep't, Inc.*, 494 F. App'x 940, 944 (11th Cir. 2012).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

McNeal fails to adequately allege a basis for imposing liability against Fox and NSI. First, there are no allegations—"well-pled" or otherwise—directed towards NSI, meaning McNeal fails to set forth a "sufficient basis" for imposing liability against that entity. *Iqbal*, 566 U.S. at 678 (plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Nishimatsu*, 515 F.2d at 1206.

Second, the legal conclusions specifically directed towards Fox are not "well pled." (ECF No. 1 at ¶ 15 ("Defendant BENJAMIN FOX is responsible for the illegal practice challenged in this case.").) These conclusions are boilerplate and realleged—verbatim—as to co-defendant James Fulford ("Fulford"), which undermines any inference the Court might otherwise draw as to their factual nature.[2] Regardless, McNeal fails to allege any causal connection between Fox's job responsibilities and the adverse employment action complained of here.

Finally, the Court does not credit the myriad allegations indiscriminately lodged against all four defendants, collectively. (*See, e.g.,* ECF No. 1 at ¶ 24 ("Plaintiff's employment was terminated by Defendants in retaliation for that previous lawsuit."), ¶ 25 ("By reason of the said retaliatory and unlawful acts of the management officials of Defendants, Plaintiff and suffered damages . . . which she is entitled to recover from Defendants.").) This form of pleading violates Rule 8 and is consistently condemned by the Eleventh Circuit. *See, e.g., Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (identifying as shotgun pleading where a plaintiff asserts claims "against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"); *see also Circuitronix, LLC v. Shenzen Kinwong Elec. Co., Ltd.*, 2018 WL 7287192, *7-

---

[2]   Moreover, contrary to McNeal's representation, there is real potential for inconsistent liability between Fox and Fulford. (ECF No. 40 at p. 3 ("There is no possibility of inconsistent liability because each of the Defendants, and the non-defaulted parties, are independently liable for Plaintiff's damages.").) McNeal claims that Fox and Fulford are both liable to her based on the same core allegations. Forgetting for a moment the sufficiency of those allegations, were the Court to accept them at this stage and enter default judgment against Fox, a substantial risk of inconsistent liability may later arise if Fulford is found not liable for the same claim of retaliation. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("Both Moore and Wright and Miller suggest that even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits. We believe that this is sound policy."); *Cabrera v. Am. Diversified Servs. Corp.*, No. 6:10-cv-953-Orl-35DAB, 2011 WL 13141666, *1-*2 (M.D. Fla. July 20, 2011) (same in FLSA case). This is an independent reason to deny to Motion.

\*8 (S.D. Fla. Jan. 31, 2018) (Ungaro, J.) ("Here, the violations of Rules 8 and 9(b) are simple and easily cured:  Plaintiff must not lump Defendants together."). The allegations directed at all "Defendants" are therefore not "well-pled" and do not provide a "sufficient basis" for default judgment against Fox or NSI.

In sum, the Motion (**ECF No. 40**) is **denied**.

**Done** and **ordered**, in Chambers, at Miami, Florida on June 17, 2019.

Robert N. Scola, Jr.
United States District Judge