United States District Court
for the
Southern District of Florida

| Sasha McNeal, Plaintiff | ) |
| v. | ) |
| PRB Entertainment, Inc. and others, Defendants | ) Civil Action No. 18-25376-Civ-Scola |

**Order on the Defendants' Motion to Dismiss**

Plaintiff Sasha McNeal filed her second amended complaint alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3). (ECF No. 64.) Now before the Court is the Defendants PRB Entertainment, LLC ("PRB") and James Fulford's motion to dismiss. (ECF No. 65.) The Defendants Nightlife Solutions, Inc. ("NSI") and Benjamin Fox have fully joined and adopted the grounds for dismissal raised in the motion to dismiss. (ECF No. 69.) For the reasons set forth below, the motion (**ECF No. 65**) is **denied**.

1. **Background**[1]

McNeal files this suit against the Defendants for retaliating against her because of an FLSA suit that she had filed against her previous employer. McNeal was a server and bartender at Club Climaxxx, a night club in Miami-Dade County. (ECF No. 64 at ¶ 4.) Her other job duties included cleaning the windows, mirrors, and ashtrays, promoting the club on social media, and training new personnel. (*Id.* at ¶ 17.) The Defendants own, manage, or otherwise control Club Climaxxx. Fox was the general manager. James Fulford and his company PRB Entertainment, LLC owned the club, and Nightlife Solutions, Inc. is named on advertising literature. (*Id.* at 19.) Fox and Fulford were "involved in the day-to-day operations of Club Climaxxx" and supervised its employees. (*Id.* at ¶ 14-15.)

Prior to working at Club Climaxxx, McNeal worked for a different club that was named "the Office." (*Id.* at ¶ 18.) At the Office, she was not properly paid minimum wage pursuant to the FLSA, and instead worked on "straight tips." (*Id.*) She sued her prior employer and its two principals, Claudette Pierre and

---

[1] The Court accepts as true the facts pled in the second amended complaint. *Cf. Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

Gregory Pierre, to recover unpaid wages. (*Id.*) The complaint does not say whether the suit was successful.

Before the Defendants terminated McNeal, Fox stated on numerous occasions that "they had to be careful with Plaintiff because she liked to sue her employer." (*Id.* at ¶ 20.) Additionally, one of the managers, Abraham Jean-Baptiste, told everyone about her previous lawsuit. (*Id.*) When she was terminated on January 3, 2017, she was told that the reason for her termination was that "the Defendants were fearful that she was going to sue them just like she had sued her former employer" and that someone had accused her of saying that she was "going to call her attorney and sue them." (*Id.* at ¶ 21.) Plaintiff never made the statement. (*Id.*)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health*

*Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Analysis

"The FLSA protects persons against retaliation for asserting their rights under the statute." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1343 (11th Cir. 2000). "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: (1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Id.* at 1342. McNeal's complaint contains sufficient allegations to demonstrate those elements. First, it alleges that McNeal sued her previous employer under the FLSA because the employer did not pay her the minimum wage. (ECF No. 64 at ¶ 18.) Second, it alleges that she was fired from Club Climaxxx by the Defendants, and, third, it alleges that the stated reason for her termination was that "the Defendants were fearful that she was going to sue them like she had sued her former employer." (ECF No. 64 at ¶ 21.)

The Defendants argue that McNeal impermissibly "lumps" all four Defendants together and that she lodges "identical allegations against each of the four Defendants." (ECF No. 65 at 2-3.) Although McNeal does lump the Defendants together at times, this is not necessarily impermissible. A plaintiff may seek to sue multiple employers in an FLSA case, as the statute contemplates that there "may be several simultaneous employers who are responsible for compliance with the FLSA." *Ceant v. Aventura Limousine & Transp. Service, Inc.*, 874 F. Supp. 2d 1373, 1380 (S.D. Fla. 2012) (Scola, J.). In previous versions of the complaint, the allegations did not specify how each Defendant was involved with Club Climaxxx or how each Defendant could have been an employer under the FLSA. This iteration of the complaint specifies that Fox was the general manager, Fulford and his company, PRB, were the owners, and NSI was named on advertising literature. (ECF No. 64 at ¶ 19.)

### 1. Corporate Defendants

Although it is not entirely clear to the Court that PRB and NSI are proper defendants, the Court finds that the Plaintiff has alleged sufficient allegations to survive a motion to dismiss.[2]

---

[2] It is also not clear to the Court why Club Climaxxx is not a defendant in this case.

In order to both be held liable, the two entities, PRB and NSI, must be joint employers. To ensure the employee's protection, the FLSA "makes it clear that a worker can be economically dependent on, and thus jointly employed by more than one entity at the same time." *Atenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). A joint-employment relationship may exist when the employee performs work "which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek." *Mullins v. Posh Potties,* LLC, 2013 WL 5728105, *2 (S.D. Fla. Oct. 22, 2013) (citing 29 C.F.R. § 791.2). "This joint employment relationship generally will be considered to exist where one employer is acting in the interest of the other employer (or employers) in relation to the employee or where the employers may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer." *Id.*

Here, Plaintiff seemingly alleges that she is under the common control of PRB and NSI because she alleges that both entities "took over operation of Club Climaxxx" where she worked as a bartender. She alleges that PRB owned Club Climaxxx and that NSI was named on marketing materials. These allegations, while admittedly sparse, allege that PRB and NSI jointly operate the club, and that her work as a bartender simultaneously benefited both of the Defendants.

Moreover, the Defendants did not argue in their motions to dismiss that McNeal did not sufficiently allege that they are her employer. Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Phillips v. Hillcrest Medical Center,* 244 F.3d 790, 800 n.10 (10th Cir. 2001) (internal quotation omitted); *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (internal quotation omitted)).

### 2. Individual Defendants

The Court finds that the Individual Defendants, Fox and Fulford, should not be dismissed from the case at this stage; the complaint's allegations are sufficient to state a claim against them as joint employers under the FLSA. "The statutory definition of 'employer' is quite broad and encompasses both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" *Id.* (quoting 29 U.S.C. § 203(d)). The Eleventh Circuit has allowed suits against

individual defendants because "the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

In determining whether a party is an employer, "courts have long assessed the economic reality of the relationship between the employee and the alleged employer." *Ceant*, 874 F. Supp. 2d at 1381. "The economic reality test suggests an employee-employer relationship may exist where the alleged employer hires and fires employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, or maintains employment records." *Id.* The second amended complaint alleges that Fulfford and Fox were "involved in the day-to-day operations of Club Climaxxx" and "supervised employees." (ECF No. 64 at ¶¶ 14-15.) It further alleges that they were responsible for determining the amount paid to McNeal, determining the number of hours that she worked, and specifying her job duties. (*Id.* at ¶¶ 14-15.) It also states that Fox was the general supervisor and that Fulford was the owner. (*Id.* at ¶ 19.) These allegations are sufficient to allege that the Individual Defendants can be held liable jointly as employers under the FLSA at the motion to dismiss stage.

### 4. Conclusion

In sum, the Court **denies** the Defendants' motion to dismiss (**ECF No. 65**). The Defendants must file an answer to the complaint on or before November 21, 2019.

**Done and ordered** in chambers at Miami, Florida, on November 6, 2019.

Robert N. Scola, Jr.
United States District Judge