United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sasha McNeal, Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-25376-Civ-Scola |
| PRB Entertainment, Inc. and others, Defendants | ) |
| | ) |
| | ) |

**Order Denying the Motion for Leave to File a Third-Party Complaint**

Now before the Court is the Defendants PRB Entertainment, Inc. and James Fulford's motion to file a third-party complaint because the propose third-party defendant "may be liable for all or part of the claim against the Defendants." For the reasons set forth below, the Court **denies** the Defendants' motion (**ECF No. 84**.)

The Court's Scheduling Order was issued on August 8, 2019. It required that the parties join additional parties and amend the pleadings by September 4, 2019. (ECF No. 52). The Court's scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also, Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998) (explaining that a motion to amend a pleading filed after the expiration of the scheduling order's deadline must first hurdle the "good cause" standard of Rule 16(b) before sprinting through the "leave-freely given" standard of Rule 15(a)). Indeed, "[a] finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Id.* (citing *Sosa,* 133 F.3d at 1418).

"Absent a showing of diligence [by] the party seeking to extend deadlines contained in the scheduling order" a court should not modify its schedule. *See Lord,* 233 F. Supp. 2d at 1278. "This good cause standard precludes modifications unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa,* 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). Here, the Defendants have been the opposite of diligent. The deadline to amend the complaint has long expired, and in their motion the Defendants did not explain why they could not have ascertained these facts regarding potential third party liability before the Court's September 4, 2019 deadline.

The Defendants' lack of diligence in defending the claim resulted in their failure to comply with the Court's scheduling order. Therefore, the Defendants

cannot demonstrate good cause. S*ee Sosa*, 133 F.3d at 1418 (if the party cannot show diligence, the good cause inquiry should end). In sum, the Defendants' motion to file a third-party complaint is denied.

**Done and ordered** at Miami, Florida on March 17, 2020.

_____
Robert N. Scola, Jr.
United States District Judge